United States District Court
for the
Southern District of Florida

| Marysarah Thanas, Plaintiffs, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 19-21392-Civ-Scola |
| | ) | |
| Royal Caribbean Cruises LTD., Defendant. | ) ) | |

## **Opinion Order Striking Complaint**

    This matter is before the Court on an independent review of the record. This maritime tort action arises from injuries allegedly sustained by Plaintiff Thanas when she was on a "snuba excursion" while a passenger on the Defendant's ship. (ECF No. 1 at ¶ 45.) In the Complaint, Thanas asserts three counts of negligence. Count I spans 10 pages, the majority of the Complaint, and Counts II and III incorporate and adopt the allegations in Count I. (*Id.* at ¶¶ 47, 52). Count I, which apparently also forms part of Counts II and III, alleges the following theories of liability:

    a. Selling Thanas an excursion that its agents, servants, and/or employees knew or should have known, had an unreasonable risk of danger; and/or
    b. Failure to adequately warn Thanas of the hazards, dangers and physical demands associated with snuba; and/or
    c. Failure to provide appropriate safety instruction and education to passengers engaging in snuba activities; and/or
    d. Failure to provide snuba divers, including Thanas, with proper and adequate aquatic safety information, warnings and/or instructions concerning hazards associated with that activity, and/or
    e. Failure to instruct snuba divers in general, and Thanas in particular, proper aquatic safety and life saving methods and techniques given the risks involved; and/or

    …

    a. Failing to undertake a reasonable inquiry and investigation into the safety record of Snuba Cayman; and/or
    b. Failing to undertake a reasonable inquiry into the hazardous nature the excursion posed to inexperienced and unskilled participants, especially in light of the previous drownings or near drownings; and/or

c. Selecting and/or retaining a tour operator who did not provide adequate safety education and instructions to passengers such as Thanas; and/or
   d. Selecting and/or retaining a tour operator who knew of unreasonably dangerous aspects of the excursion posed to inexperienced and unskilled participants and failing to take adequate precautions in the operation of the excursion; and/or
   e. Failing to insure that the operation was conducted in a manner that insured that adequate oversight and safety measures were initiated and being followed to insure the safety of the participants.

(ECF No. 1 at ¶¶ 43, 49.) These theories of liability are then incorporated into Counts II and III.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). One type of shotgun pleading is where a complaint fails to "separate[] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading").

The Complaint is a shotgun pleading and is stricken accordingly. Through a single "negligence" count, Thanas asserts, without limitation, theories of liability for failure to investigate, failure to instruct, failure to warn, and negligent retention. These are separate causes of action that must be asserted independently and with supporting factual allegations. *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading,'" where the plaintiff alleged that Defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which Defendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint

and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith."); *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5-*6, n.2 (S.D. Fla. June 5, 2012) (Scola, J.) (under similar facts, ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, *3 n.3 (S.D. Fla. Dec. 7, 2015) (Lenard, J.) (same).

Accordingly, the Court **strikes** the Complaint, (**ECF No. 1**), as a shotgun pleading. Thanas may file an amended complaint by **April 26, 2019**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Specifically, Thanas shall assert each theory of liability as a separate cause of action. And any legal conclusions that form the basis for those claims must be supported by good faith factual allegations. *See* Fed. R. Civ. P. 11(b); *Gayou*, 2012 WL 2049431 at *6 ("Upon re-pleading, however, [plaintiff] is reminded that any alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations."). Thanas is forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

**Done and ordered**, in Chambers, in Miami, Florida on April 18, 2019.

Robert N. Scola, Jr.
United States District Judge