United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Marysarah Thanas, Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Royal Caribbean Cruises LTD., ) <br> Defendant. ) | Civil Action No. 19-21392-Civ-Scola |

### Opinion Order Striking Complaint

This matter is before the Court on an independent review of the record. The Court previously struck the Plaintiff's complaint as a shotgun pleading and instructed the Plaintiff to file an Amended Complaint. (ECF No. 5.) Now before the Court is Plaintiff's Amended Complaint. (ECF No. 8.) Although the Amended Complaint addresses some of the deficiencies identified by the Court in its previous order, the Plaintiff has still failed to "separate[] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading").

The Amended Complaint is a shotgun pleading and is stricken accordingly. Count I for negligence includes at least three theories of liability: failure to warn, failure to instruct, and failure to supervise. (ECF No. 8 at 7.) Count II for negligent retention also includes at least three theories of liability: failure to investigate, negligent retention, and negligent operation. (*Id.* at 9.) These are separate causes of action that must be asserted independently and with supporting factual allegations. *See Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5-*6, n.2 (S.D. Fla. June 5, 2012) (Scola, J.) (ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim).

Because the Plaintiff appears to have attempted to comply with the Court's previous order, the Court will allow the Plaintiff *one more* opportunity to amend her complaint.  Accordingly, the Court **strikes** the Amended Complaint, (**ECF No. 8**), as a shotgun pleading. Thanas may file an amended complaint by **May 14, 2019**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Specifically, Thanas shall assert each theory of liability as a separate cause of action. And any legal conclusions that form the basis for those claims must be supported by good faith factual allegations. *See* Fed. R. Civ. P. 11(b). Failure to comply with this order will result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

**Done and ordered**, in Chambers, in Miami, Florida on May 8, 2019.

Robert N. Scola, Jr.
United States District Judge