United States District Court
for the
Southern District of Florida

| Marysarah Thanas, Plaintiffs, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 19-21392-Civ-Scola |
| Royal Caribbean Cruises LTD., Defendant. | ) ) | |
| | ) | |

**<u>Order on Defendant's Motion to Dismiss</u>**

This matter is before the Court on Defendant Royal Caribbean Cruises LTD's partial[1] motion to dismiss the Plaintiff's complaint. (ECF No. 29.) The Plaintiff has filed a response (ECF No. 34) and the Defendant timely replied. (ECF No 35.) Having considered the record, the parties' submissions, and the applicable law, the Court grants in part and denies in part the Defendant's motion. (**ECF No. 29.**)

**I.    Background**

The Plaintiff purchased an excursion called "Shipwreck Snuba Tour" through Royal Caribbean's website when she booked her passage on the Defendant's ship, Navigator of the Seas. (ECF No. 10 at ¶¶ 6-7.) The excursion was operated by Snuba Cayman in the Cayman Islands. (*Id.* at ¶ 7.) "Snuba" is a form of surface-supplied diving that uses an underwater breathing system, fins, a diving mask, weights, and a diving regulator. Air is supplied through a hose connected to compressed air cylinders contained in a flotation device at the surface. (*Id.* at ¶ 8.) While the Plaintiff was on the snuba excursion, she was swept by the current away from the boat and had to hold on to a rock. (*Id.* at ¶¶ 22-23.) Because of the exertion, the Plaintiff suffered a flash pulmonary edema caused by the rapid accumulation of water in her lungs. (*Id.* at ¶ 24.) She was then rescued by the boat and taken back to shore. She was transported back to the Navigator of the Seas and taken immediately to the infirmary. (*Id.* at ¶ 25.) When the ship returned to Miami, she was admitted to Jackson Memorial Hospital. (*Id.* at ¶ 26.) The Plaintiff now sues Royal Caribbean for damages suffered during the snuba trip.

---

[1] Although styled a motion to dismiss, the Defendant's motion only seeks to dismiss four of the Plaintiff's six counts.

## II. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all allegations in the complaint as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Faced with a motion to dismiss, a court should therefore "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their accuracy and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009)). "Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law." *Surgery Center of Viera, LLC v. Southeastern Surveying and Mapping Corp.*, No. 17-cv-754-orl-40TBS, 2018 WL 922202, at *3 (M.D. Fla. Jan. 31, 2018) (citations and quotations omitted).

## III. Analysis

### A. Counts I and II

Count I of Plaintiff's complaint asserts a cause of action against the Defendant for its failure to instruct Thanas in the proper use of snuba equipment. (ECF No. 10 at 3.) The Defendant argues that the Court should dismiss Count I because the Plaintiff fails to allege that Royal Caribbean owed a duty to instruct Thanas on the proper use of snuba equipment. (ECF No. 29 at 7.) In response, the Plaintiff argues that she has properly alleged that the Defendant sold Thanas the snuba excursion and should have known that it posed an unreasonable risk of danger. (ECF No. 34 at 7.) Upon careful review, the Court agrees with the Defendant.

"To plead negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). To satisfy the first element, the Plaintiff must allege that Royal Caribbean has a duty to instruct Thanas on the proper use of snuba equipment. Count I alleges that Thanas arrived at the Snuba Cayman place of business and was required to provide information about her health and swimming ability. (ECF No. 10 at ¶ 14.) The snuba excursion staff assured her that she would have no problem on the excursion. (*Id.* at ¶ 15.) "Thanas was then

encouraged and allowed by personnel aboard the excursion to enter the water without sufficient education, training and instruction, despite her lack of snorkeling experience and limited swimming abilities, and in seas too rough for the participants to successfully complete the snuba activity." (*Id.* at ¶ 16.) There are no allegations related to Royal Caribbean's duty to instruct Thanas on proper use of snuba equipment. Count I generally asserts that the Defendant has a "duty to exercise reasonable care for the health, welfare and safety of its invitees and guests[.]" (*Id.* at ¶ 28.) Such conclusory allegations are insufficient to state a claim. *See Chaparro*, 693 F.3d at 1337 ("[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth.") There is no apparent connection between the Defendant's general duty of reasonable care and the specific duty to instruct Thanas on snuba equipment while participating in a third-party excursion. Accordingly, Count I must be dismissed.

Count II of Plaintiff's complaint purports to state a claim for the Defendant's failure to adequately supervise the operation of the snuba excursion. (ECF No. 10 at 6.) Like Count I, Count II alleges that Royal Caribbean has a general duty "to exercise reasonable care for the health, welfare and safety of its invitees and guests to whom it marketed, enticed and exposed to new, novel and exciting water sports adventures." (*Id.* at ¶ 36.) These allegations, however, fall short of alleging that the Defendant had a duty to supervise a snuba excursion conducted by a third-party. Accordingly, Count II must be dismissed.

### B. Count III – Failure to Warn

Count III of Plaintiff's complaint purports to state a claim for the Defendant's failure to warn Thanas of the danger of participating in the snuba excursion. The Defendant argues that Thanas has failed to plead a duty and also failed to plead that the Defendant knew of a specific danger particular to that place. (ECF No. 29 at 11-12.)

Like in Counts I and II, the Plaintiff alleges that the Defendant owes a general duty of care to its passengers. (ECF No. 10 at 9.) While the Plaintiff fails to specifically allege a duty to warn, the Defendant's duty to warn is part of its general duty of care to its passengers. *See Chaparro*, 693 F.3d at 1336 (analyzing duty to warn as a part of a shipowner's duty of "ordinary reasonable care under the circumstances"). Therefore, accepting the complaint's allegations as true in the light most favorable to the Plaintiff, the Court finds that the Plaintiff has adequately alleged a duty to warn.

The Defendant concedes that "[a] cruise line owes its passengers a duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit." *Caldwell v. Carnival*

*Corp.*, 944 F. Supp. 2d 1219, 1222-23 (S.D. Fla. May 2, 2013) (Cooke, J.). This duty to warn extends to "known dangers in known settings." *Koens v. Royal Caribbean Cruises, Ltd.*, 774 F. Supp. 2d 1215, 1219 (S.D. Fla. 2011) (King, J.). The Plaintiff's complaint alleges that "[t]he seas where Snuba Cayman conducted its snuba dives were often rough and difficult to navigate for divers with no experience in snuba[.]" (ECF N. 10 at ¶ 44.) Moreover, "the seas where The Excursion operated by Snuba Cayman takes place has been the site of several snorkeler and swimmer drownings or near drownings prior to Thanas embarking on the [trip]." (*Id.* at ¶ 10.) Taking these allegations in the light most favorable to the Plaintiff, the Court finds that this is sufficient to allege that the Defendant knew of the risk of drowning or near drowning associated with the snuba excursion. *See Chaparro,* 693 F.3d at 1337 (holding that district court should not have dismissed failure to warn claim where cruise line sold excursions to passengers and knew of gang violence and public shootings near beach). Accordingly, the Court declines to dismiss Count III.

### C. Count IV – Negligent Selection/Retention of Tour Operator

The Defendant moves to dismiss Count IV for negligent selection and retention. (ECF No. 29 at 13.) The Defendant argues that the Plaintiff has failed to allege ultimate facts sufficient to support her claims that Royal Caribbean was put on notice of Snuba Cayman's alleged incompetence. (*Id.* at 13-14.)

To state a claim for negligent hiring or retention, a plaintiff must allege that "(1) the agent/employee/contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *Witover v. Celebrity Cruises, Inc.*, 161 F. Supp. 3d 1139, 1148 (S.D. Fla. 2016) (Lenard, J.) (citations and quotations omitted). To satisfy the second element of this claim, "a plaintiff must allege facts showing that the employer was put on notice of the harmful propensities of the agent/employee/contractor." *Id.* (citations and quotations omitted). Negligent hiring occurs when the employer knew or should have known of the employee's unfitness before the employee was hired. *Id.* The issue of liability "primarily focuses upon the adequacy of the employer's pre-employment investigation into the employee's background." *Id.* Negligent retention occurs "after employment begins, where the employer knows or should know of the employee's unfitness and fails to take further action such as investigating, discharge or reassignment." *Id.* (citations and quotations omitted).

With regard to the second element, the Defendant's knowledge, the complaint states that Royal Caribbean "knew or reasonably should have known that Snuba Cayman had insufficient personnel and offered insufficient training

to participants in snuba diving to ensure the safety of the participants, because participants had suffered injury on prior occasions." (ECF No. 10 at ¶ 50.) Other than the conclusory assertion that others have been injured in the past, the Plaintiff fails to allege any facts to support its allegations that the Defendant should have known of Snuba Cayman's incompetence. *See Gharfeh v. Carnival Corp.*, 309 F. Supp. 3d 1317, 1332-33 (S.D. Fla. 2019) (Goodman, Mag. J.) ("fact-free, wholly conclusory boilerplate allegations" that the Defendant should have known of certain deficiencies was insufficient to survive a motion to dismiss). The Plaintiff has not asserted any *facts* that the Defendant's hiring or screening practices were deficient or that Royal Caribbean passengers had been injured in the past on this excursion such that the Defendant would be on notice of their deficiencies. *See id.* Accordingly, Count IV is dismissed.

## IV. Conclusion

Accordingly, the Court **grants in part and denies in part** the Defendant's motion to dismiss. **(ECF No. 29.)** The Defendant's motion to dismiss counts I, II, and IV is granted. The Defendant's motion to dismiss Count III is denied. Given the Court's prior orders striking the Plaintiff's complaint as a shotgun pleading and giving the Plaintiff at least two chances to replead (ECF Nos. 5, 9), the Court dismisses Counts I, II, and IV with prejudice. *See Jackson v. Bank of American, N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (holding that once the plaintiff has been given "fair notice of the defects and a meaningful chance to fix them," the district court does not abuse its discretion in dismissing the complaint with prejudice if the plaintiff fails to remedy the defects). The Defendant's answer to the remaining counts is due on **January 28, 2020**.

**Done and ordered**, in Chambers, in Miami, Florida on January 14, 2020.

Robert N. Scola, Jr.
United States District Judge